Filed 3/24/26

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| HYEWON PECHKIS et al., | C103742 |
| Plaintiffs and Respondents, | (Super. Ct. No. 24CV04200) |
| v. | |
| TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Butte County, Tamara L. Mosbarger, Judge. Affirmed.

Kronick, Moskovitz, Tiedemann & Girard, David W. Tyra and Alec D. Tyra for Defendant and Appellant.

Law Offices of Angela M. Hooper and Angela M. Hooper for Plaintiffs and Respondents.

1

A motion to strike a strategic lawsuit against public participation (anti-SLAPP), under Code of Civil Procedure[1] section 425.16, must " 'consider the elements of the challenged claim' " and "identify what acts each challenged claim rests on and to show how those acts are protected under a statutorily defined category of protected activity." (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009 (*Bonni*).) Plaintiff professors Hyewon Pechkis and Joseph Pechkis[2] sued defendant the Trustees of the California State University based on retaliation from reporting discrimination and harassment by a department chair at California State University, Chico (Chico State). Defendant brought an anti-SLAPP motion against two retaliation causes of action; the trial court denied the motion and defendant appeals.

On appeal defendant argues the challenged causes of action must be stricken because they are based "in part" on communications between Chico State employees and employees at another campus relating to an investigation into Hyewon, and these communications are protected activity under the anti-SLAPP statute. We affirm, concluding defendant failed to carry its burden because whether the challenged causes of action are based in part on protected activity does not necessarily establish the causes of action arise from protected activity under the anti-SLAPP statute.

FACTUAL AND PROCEDURAL BACKGROUND

On December 9, 2024, plaintiffs filed a complaint against defendant asserting six causes of action: discrimination, retaliation under the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.), failure to engage in the interactive process, hostile working environment, failure to prevent discrimination/harassment, and whistleblower retaliation.

---

[1] Further undesignated section references are to the Code of Civil Procedure.

[2] We refer to plaintiffs by their first names to avoid confusion.

2

The complaint alleged plaintiffs, who are married, were tenured physics professors at Chico State and were subjected to harassment from the previous department chair. Hyewon was specifically discriminated against based on the chair's "perceived bias of women and [Hyewon's] Korean ancestry and national origin," and the chair would aggressively confront Hyewon, causing her to "fear for her physical safety." Plaintiffs attempted to raise concerns of discrimination, harassment, and stalking to the dean of the College of Natural Sciences but Chico State took no action to address the chair's behavior. Hyewon sought psychiatric services and was diagnosed "with chronic post-traumatic stress disorder, major depressive disorder, and generalized anxiety disorder resulting from the hostile working environment at [Chico State]." The complaint further alleged: "In order to relieve her suffering from [posttraumatic stress disorder], her doctor stated that [Hyewon] must not be in the same environment with [the chair] – specifically, either he must go or [Hyewon] must go." However, Chico State failed to protect plaintiffs so plaintiffs "were forced to constructively discharge their tenured positions with [Chico State], to protect the safety, wellbeing, [*sic*] and educational/professional advancements of [plaintiffs]."

Plaintiffs informed Chico State they accepted employment offers at California Polytechnic State University (Cal Poly) beginning in the 2024 fall semester. Soon after, Chico State Vice Provost Mahalley Allen e-mailed Hyewon stating Chico State "had serious concerns about a potential Family Educational Rights and Privacy Act [(Privacy Act)] violation regarding student's privacy." The complaint alleged Chico State had "instigated a sham investigation against [Hyewon] for an alleged [Privacy Act] violation relating to old blog postings made in Korean" and based on inaccurate translations. Hyewon then received a letter from Cal Poly stating Chico State's determination of the Privacy Act violations could affect its offer of employment to Hyewon. The complaint also alleged Allen "called Cal Poly and informed them of the alleged [Privacy Act]

violations that were raised against [Hyewon] in an attempt to sabotage Hyewon and Joseph's transfer of employment."

The complaint contended: "This type of conduct can be only seen as one thing, retaliation. There is no justifiable reason why [Allen] would contact [p]laintiffs' prospective employer to inform them about an investigation that had not even been concluded to a determination. . . . [¶] . . . Despite [Chico State's] retaliatory efforts, Cal Poly continued to extend an offer of employment to [plaintiffs]." But "[d]uring the transfer of [p]laintiffs' lab equipment from Chico State to Cal Poly, [a dean at Chico State] caused unnecessary delays and problems for [p]laintiffs in what [p]laintiffs believe was another attempt to interfere with [p]laintiffs' engagement with Cal Poly and to try and recoup unwarranted money out of [p]laintiffs and Cal Poly." Still, "[p]laintiffs were forced to give up their tenured positions with [Chico State] and [move] 400 miles away from their friends and family as a result of [Chico State's] conduct in fostering a working environment that caused [p]laintiffs to suffer insurmountable amounts of harm."

Relevant to this appeal are the second and sixth causes of action. The second cause of action was for retaliation under the California Fair Employment and Housing Act. This cause of action alleged plaintiffs made complaints about the department chair's behavior but Chico State refused to intervene and instead instigated a "sham investigation against Hyewon and attempted to sabotage Hyewon's employment offer with Cal Poly. . . . [¶] . . . [Chico State's] discriminatory and retaliatory conduct resulted in the constructive discharge of [plaintiffs] from [Chico State]." Finally, Hyewon's "protected activities were a substantial motivating reason for [Chico State's] decision to constructively terminate [Hyewon's] employment."

The sixth cause of action for "[w]histleblower [r]etaliation" similarly alleged Chico State was aware of plaintiffs' reports of discrimination and other illegal behavior but retaliated against plaintiffs "by constructively terminating [p]laintiffs' employment with [Chico State]. [Chico State] further retaliated against [p]laintiffs by attempting to

4

sabotage [p]laintiffs' employment opportunities with Cal Poly by refusing and delaying the transfer of [p]laintiffs' lab equipment."

On March 3, 2025, defendant filed an anti-SLAPP motion to strike the second and sixth causes of action. After holding a hearing, the trial court denied the motion on April 10, 2025. The court found the second and sixth causes of action "arise from activity and speech protected under the anti-SLAPP statute because . . . [d]efendant's administrative investigation into [p]laintiff [Hyewon's] alleged [Privacy Act] violation constituted an official proceeding authorized by law." The court then found, however, that plaintiffs demonstrated a likelihood of success on the merits for these causes of action based on arguments their complaints were a protected activity and "[d]efendant's constructive discharge of [p]laintiffs' tenured employment meets the definition of an adverse employment action." The court therefore denied defendant's motion.

Defendant appeals.

DISCUSSION

The anti-SLAPP statute, section 425.16, protects against "lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a).) It accomplishes this by subjecting to a special motion to strike any causes of action arising from a person's right of petition or free speech "in connection with a public issue." (§ 425.16, subd. (b)(1).) "When considering a special motion to strike under section 425.16, the court engages in a two-step process. [Citation.] First, the court considers whether the defendant has established that the challenged claim for relief arises from an activity protected under section 425.16, subdivision (e). [Citation.] Second, the court considers whether the plaintiff has demonstrated the claim has minimal merit. [Citation.] If the defendant shows that the plaintiff's claim for relief arises from a protected activity and the plaintiff fails to demonstrate minimal merit, the court must strike the claim for relief." (*Miszkewycz v. County of Placer* (2024) 99 Cal.App.5th 67, 73.)

5

"In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2).) The anti-SLAPP procedure "shall be construed broadly" (§ 425.16, subd. (a)), and we review its application de novo. (*Laker v. Board of Trustees of California State University* (2019) 32 Cal.App.5th 745, 759 (*Laker*).)

Defendant contends the trial court erred in denying its anti-SLAPP motion against the second and sixth causes of action in plaintiffs' complaint. Defendant argues the trial court correctly found it had established the first prong of the analysis, but incorrectly determined plaintiffs made a prima facie showing on their claims. We conclude defendant has not established the first prong of the anti-SLAPP analysis.

Our Supreme Court detailed the procedure for the first step of the anti-SLAPP analysis in *Bonni*, *supra*, 11 Cal.5th 995: In "determining whether the plaintiff's claims arise from protected activity . . . , courts are to 'consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability.' [Citation.] The defendant's burden is to identify what acts each challenged claim rests on and to show how those acts are protected under a statutorily defined category of protected activity." (*Id.* at p. 1009.) Thus, "[i]f a cause of action contains multiple claims and a moving party fails to identify how the speech or conduct underlying some of those claims is protected activity, it will not carry its first-step burden as to those claims. [Citation.] The nonmovant is not faced with the burden of having to make the moving party's case for it." (*Id.* at p. 1011.)

Defendant did not properly apply this analysis. Defendant contends: "[E]ven if [plaintiffs] argue that their retaliations [*sic*] claims are based, in part, on unprotected activity that does not involve speech, i.e., the decision to initiate the [Privacy Act] investigation, nonetheless [defendant's] anti-SLAPP motion to strike must still be granted because [plaintiffs'] retaliation claims also are based on the protected speech involving Chico State's communication of the [Privacy Act] investigation to [Cal Poly]." This

6

analysis incorrectly focuses on the communications while ignoring all other allegations that may serve as a basis for retaliation liability.

Defendant effectively argues a gravamen analysis summarizing the causes of action with multiple claims into one core claim; our Supreme Court disapproved of this analysis. (*Bonni, supra*, 11 Cal.5th at pp. 1011-1012 & fn. 2.) Such analysis "saddl[es] courts with an obligation to settle intractable, almost metaphysical problems about the 'essence' of a cause of action that encompasses multiple claims." (*Id*. at p. 1011.) *Instead, movants must analyze each claim for relief underlying a challenged cause of action to discern whether every claim supplying the necessary elements is protected conduct*. (*Id*. at p. 1012.)

An appellate court further explained these standards in *Park v. Nazari* (2023) 93 Cal.App.5th 1099 (*Nazari*). There, the defendants filed an anti-SLAPP motion to strike an entire complaint because " 'the gravamen of the suit challenges a litigation funding decision and the communications made in connection with that decision.' " (*Id*. at p. 1105.) Relying on *Bonni* and other precedent from our Supreme Court, the appellate court found: "Where a defendant moves to strike the entire complaint and fails to identify, with reasoned argument, specific claims for relief that are asserted to arise from protected activity, the defendant does not carry his or her [or their] first-step burden so long as the complaint presents at least one claim that does not arise from protected activity. . . . [¶] . . . [¶] [W]hile courts may strike less than the entirety of a complaint or pleaded cause of action, the trial court is not required to take on the burden of identifying the allegations susceptible to a special motion to strike. If a defendant wants the trial court to take a surgical approach, whether in the alternative or not, the defendant must propose where to make the incisions. This is done by identifying, in the initial motion, each numbered paragraph or sentence in the complaint that comprises a challenged claim and explaining 'the claim's elements, the actions alleged to establish those elements, and wh[y] those actions are protected.' " (*Nazari*, at pp. 1108-1109.) The court therefore

7

affirmed the denial of the anti-SLAPP motion because the defendants "fail[ed] to link specific claims for relief to protected activity." (*Ibid*.)

*Nazari* further confirms defendant's challenge is insufficient. Though defendant did not blanketly challenge the entire complaint, like in *Nazari*, defendant is challenging the entirety of two causes of action without the required specificity. Defendant contends the causes of action must be stricken because "the conduct on which [plaintiffs] base their claim for relief, involves, *at least in part*, the communications by Chico State." (Italics added.) Being based on speech in part is insufficient. Through an elemental analysis, the speech must form the basis of liability for the two challenged causes of action. (*Nazari*, *supra*, 93 Cal.App.5th at p. 1109 [movants must "explain[] 'the claim's elements, the actions alleged to establish those elements, and wh[y] those actions are protected' "].) Defendant provides no analysis of the elements necessary to prove each cause of action, how allegations related to the speech supply the necessary elements of each cause of action, and whether there are other allegations supporting the causes of action that are not protected conduct. Defendant incorrectly assumes one drop of protected conduct fatally poisons both challenged causes of action.

We also can identify allegations of potential unprotected conduct underlying the two challenged causes of action. For example, both causes of action state Chico State retaliated by constructively discharging plaintiffs. Constructive discharge is an adverse employment action where "the employer's conduct effectively forces an employee to resign." (*Turner v. Anheuser-Busch, Inc.* (1994) 7 Cal.4th 1238, 1244.) Adverse employment actions can be unprotected activity. (See *Laker*, *supra*, 32 Cal.App.5th at p. 777 [decision to "red flag" professor not protected conduct]; *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1072-1073 [finding claims based on a university denying a professor tenure are not protected conduct].) Defendant effectively concedes constructive discharge is a core claim of the challenged causes of action because these allegations are the sole focus of defendant's second-step analysis.

8

Defendant argues there: "The trial court erroneously concluded [plaintiffs] met their burden of establishing a prima facie case of retaliation based on their allegation of constructive discharge." Yet defendant presents no argument on how defendant constructively discharging plaintiffs would be protected activity under the first step of the anti-SLAPP analysis.

The causes of action also allege Chico State retaliated by initiating an investigation. A claim based on an investigation is not subject to the anti-SLAPP statute if it is based on the investigation itself or the outcome of the investigation, not on investigation-related speech. (See *Laker*, *supra*, 32 Cal.App.5th at p. 773 ["According to the allegations in his complaint, the [u]niversity subjected [the plaintiff] to the burden of three meritless investigations . . . . While [the plaintiff] will no doubt need to use speech by [u]niversity employees as evidence to support his claims, the speech is not—by itself—the basis of the claim"].) Whereas an investigation claim is subject to the anti-SLAPP statute if "the speech at issue is explicitly alleged to be the injury-producing conduct." (*Okorie v. Los Angeles Unified School Dist.* (2017) 14 Cal.App.5th 574, 593, disapproved on other grounds in *Bonni*, *supra*, 11 Cal.5th at p. 1012, fn. 2.) But defendant does not analyze whether the speech or the nonspeech investigatory acts serve as a basis of the claim, incorrectly assuming any reliance on communications necessarily renders investigation-related allegations protected.

This is not to say defendant's investigation was not a "proceeding authorized by law" under section 425.16, subdivision (e). (See *Laker*, *supra*, 32 Cal.App.5th at p. 771 ["[the plaintiff] does not seriously contest that these investigations into his own conduct are 'official proceeding[s]' to which the anti-SLAPP statute applies"].) The trial court found defendant satisfied the first step on this basis. But being a proceeding authorized by law does not shield all acts done within such a proceeding with anti-SLAPP protection; *only acts in furtherance of the right of petition or free speech are protected*. (§ 425.16, subd. (b)(1) [special motion to strike applies to "[a] cause of action against a

9

person arising from any act of that person in furtherance of the person's right of petition or free speech"].)  This is why defendant is wrong in asserting the anti-SLAPP statute applies to the investigation under section 425.16, subdivision (e)(1) and (2).  Those provisions apply the anti-SLAPP statute to "*any written or oral statement or writing*" made before or in connection with an issue under consideration by an "official proceeding authorized by law." (§ 425.16, subd. (e)(1) & (2), italics added.)  Defendant's analysis improperly focuses on one requirement while ignoring the other.

Our Supreme Court's warning against finding all investigatory acts protected, including the initiation of an investigation, is relevant here:  " 'Any employer that initiates an investigation of an employee, whether for lawful or unlawful motives, would be at liberty to claim that its conduct was protected and thereby shift the burden of proof to the employee, who, without the benefit of discovery and with the threat of attorney fees looming, would be obligated to demonstrate the likelihood of prevailing on the merits.' [Citation.]  Conflating, in the anti-SLAPP analysis, discriminatory decisions and speech involved in reaching those decisions or evidencing discriminatory animus could render the anti-SLAPP statute 'fatal for most harassment, discrimination and retaliation actions against public employers.' " (*Park v. Board of Trustees of California State University*, *supra*, 2 Cal.5th at p. 1067.)  In short, defendant initiating an investigation did not automatically protect all of defendant's acts associated with that investigation.

Individual allegations within the two retaliation causes of action may still be protected conduct susceptible to an anti-SLAPP motion.  But defendant brought a motion to strike both causes of action in their entirety and continues that argument on appeal.  We will not independently perform surgery on plaintiffs' causes of action when defendant has wholly failed to "propose where to make the incisions." (*Nazari*, *supra*, 93 Cal.App.5th at p. 1109.)

We therefore conclude defendant has not carried its burden on the first step of the anti-SLAPP analysis establishing the challenged causes of action exclusively arise from

10

protected conduct.  We consequently affirm the trial court's order denying defendant's anti-SLAPP motion.

DISPOSITION

The judgment is affirmed.  Plaintiffs shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1)-(2).)

/s/_____
ROBIE, Acting P. J.

We concur:

/s/_____
MAURO, J.

/s/_____
WISEMAN, J.*

_____

\*     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.